23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
CHUKWUEMEKA AFAMEFUNA NGENEGBO, a/k/a Ngenegro, a/k/a
Anthony Mekaza, Defendant-Appellant.
 No. 93-5363.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 27, 1994.
Decided April 25, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-91-193-MU)
 Harold J. Bender, Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., William A. Brafford, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Chukwuemeka Afamefuna Ngenegbo appeals his conviction and sentence on four counts of false representation of a social security number in violation of 42 U.S.C.A. Sec. 408(a)(7)(B) (West 1991).[1] For the reasons stated below, we affirm.
 
 
 2
 In March 1992 Ngenegbo, through counsel, entered into an agreement to cooperate with the Government. The parties filed a written plea agreement on June 23, 1992, providing for Ngenegbo to plead guilty to a bill of information charging him with a single misdemeanor violation of 18 U.S.C.A. Secs. 1028(a)(4), (b)(3) (West Supp.1993). Ngenegbo was required to furnish information to the Government in accordance with a March 17, 1992, proffer letter from Ngenegbo's attorney, and provide the Government with "information previously furnished to the Federal Bureau of Investigation," in exchange for dismissal of the charges on which Ngenegbo was indicted.
 
 
 3
 Before Ngenegbo entered any plea of guilty, the Government filed a notice rescinding the plea agreement, on the ground that Ngenegbo failed to comply with his obligations; the Government obtained leave of court to file a dismissal of the bill of information. Ngenegbo filed a motion to enforce the plea agreement. Following a hearing, the district court denied Ngenegbo's motion. Ngenegbo's immediate appeal to this Court was dismissed as interlocutory.
 
 
 4
 Ngenegbo was sentenced to five months imprisonment with work release, a supervised release term of three years with five months home detention and work release, restitution in the amount of $4858.61, and a special assessment of $200. From his conviction and sentence, Ngenegbo timely appeals.
 
 
 5
 Ngenegbo's sole assertion of error on appeal is that the language of the plea agreement provided that he was required to provide truthful information about the charges in the Bill of Indictment, as well as any other criminal activity of which he was aware, prior to the time the plea agreement was filed.[2] He contends that his end of the bargain was complete as of the time the agreement was filed, and that if he had not complied with the terms and conditions as agreed upon, the Government would not have filed the agreement. Finally, Ngenegbo contends that any ambiguity in the plea agreement should be construed against the Government.
 
 
 6
 The pertinent portion of the plea agreement, signed by both parties on June 23, 1992, provided:
 
 
 7
 7.The defendant agrees to provide upon request, and, if so requested, to provide prior to the filing of this Plea Agreement, truthful information within defendant's knowledge about the charges in the bill of indictment and about other criminal activity within defendant's knowledge to any Government agent or agency designated by the United States. Such information shall be in accordance with a proffer letter from defense counsel to the United States dated March 17, 1992, and with information previously furnished to the Federal Bureau of Investigation, and any failure to provide information in accordance therewith shall constitute a breach of this plea agreement.
 
 
 8
 (Emphasis added). Ngenegbo relies on the phrase "to provide prior to the filing of this Plea Agreement" to support his position. The proffer letter which was incorporated into the plea agreement by reference, provided, in pertinent part:
 
 
 9
 In addition to identifying various individuals engaged in illegal activity, [Ngenegbo] is willing to explain who he knows to be involved in fraudulent insurance schemes currently operating in Mecklenburg County. He will also explain the numerous bank frauds that are taking place in this community. In fact, he is willing to make the authorities aware of bank fraud schemes as they are occurring so that arrests can be made contemporaneous with the fraudulent activity.
 
 
 10
 While Ngenegbo is correct that any ambiguity in the plea agreement should be construed in his favor, United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir.1986), we find no ambiguity in the agreement that would trigger the interpretation Ngenegbo suggests. First, the agreement requires that Ngenegbo provide "upon request, and, if so requested, to provide prior to the filing of this Plea Agreement, truthful information." (Emphasis added). The plain language of the plea agreement requires that Ngenegbo provide information whenever so requested by the Government, plus prior to the filing of the written agreement. There is no ambiguity in its language such that this Court's decision in Harvey is implicated.
 
 
 11
 Second, the proffer letter, which is incorporated into the plea agreement, also establishes a continuing obligation by Ngenegbo to cooperate with and furnish information to the Government. Specifically, the letter states Ngenegbo's willingness to notify the Government of bank fraud schemes "as they are occurring." The language of this agreement looks to the future and is additional evidence that Ngenegbo's obligation to cooperate did not end with the filing of the plea agreement, as he contends.
 
 
 12
 Accordingly, we affirm Ngenegbo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The trial evidence established that between June 12, 1991, and September 7, 1992, Ngenegbo used four different social security numbers, none of which were his own, to (1)rent a private postal box; (2)open two different personal bank accounts; and (3)rent an apartment
 In addition to the four counts on which he was convicted, Ngenegbo was indicted on one count of mail fraud, in violation of 18 U.S.C.A. Sec. 1341 (West Supp.1993). However, the mail fraud count was dismissed on motion of the United States prior to trial.
 
 
 [2]
 Ngenegbon contended below that the impossibility defense should have applied to excuse his performance; however, he did not raise that claim on appeal, so we do not address it here